UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| VICTOR T. WILSON,<br><br>            Plaintiff,<br>   v.<br><br>SHAUN DONOVAN, Secretary of the U.S. Department of Housing and Urban Development, WILLIAM M. ELSBURY, KIMBERLY Y. NASH, and DOES 1 through 100,<br><br>            Defendants.<br>_____/ | No. C 10-05950 MEJ<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [Dkt. #4]; GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT** |

## I. INTRODUCTION

In this lawsuit, Plaintiff Victor Wilson alleges that his supervisors at the U.S. Department of Housing and Urban Development ("HUD") illegally discriminated against him on the basis of his race, color, and sex, retaliated against him, and subjected him to a hostile work environment. Pending before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint for failure to state a claim and lack of subject matter jurisdiction. Dkt. #4. Pursuant to Local Civil Rule 7-1(b), the Court finds that the Motion is appropriate for determination without oral argument and therefore **VACATES** the hearing set for May 19, 2011. After carefully considering the parties' arguments presented in their briefs, the Court **GRANTS** Defendant's Motion to Dismiss as to all of Plaintiff's claims. Further, because the Court finds that Plaintiff may allege facts necessary to correct the pleading deficiencies outlined in this Order, the Court **GRANTS** Plaintiff leave to file an amended complaint.

## II. BACKGROUND

**A.    Factual Allegations**

The operative facts taken from Plaintiff's Complaint and documents subject to judicial notice are as follows.

Plaintiff is an African-American male over the age of 40 who began working as a paralegal for HUD in July 2005. Compl. ¶¶ 5, 12, Dkt. #1. Defendant Kimberly Nash was Plaintiff's first-line supervisor, and Defendant William Elsbury was Plaintiff's second line supervisor. *Id*. ¶¶ 8, 10, 16, 17.

Plaintiff alleges that beginning in October 2008, the following conduct occurred, which forms the basis of his claims:

1.   On October 28, 2008, Plaintiff received an "Excellent" performance rating for the period of February 1 - September 20, 2008. Ms. Nash issued the performance appraisal, which Mr. Elsbury reviewed and approved. *Id*. ¶¶ 16, 17. Plaintiff alleges that his work product merited a higher rating of "Outstanding." *Id*. ¶ 15.

2.   On February 17, 2009, Mr. Elsbury falsely accused Plaintiff of failing to timely validate his time and attendance in the WebTA system. *Id*. ¶ 18. Sometime thereafter, Plaintiff was openly chastised during a meeting.[1] *Id*. ¶ 19.

3.   On March 12, 2009, Plaintiff was "verbally admonished" by Ms. Nash for failing to complete a task. *Id*. ¶ 22. He alleges that Mr. Elsbury and Ms. Nash tried to make him appear incompetent by assigning numerous tasks to him so that he would be overwhelmed and they could then reprimand him for failing to complete a task. *Id*. ¶ 23.

4.   On April 12, 2009, Plaintiff was instructed to comply with the office's core hours.[2] *Id*. ¶ 20. Plaintiff alleges that this "instruction" was improper and retaliatory because he had been arriving at 6:30 a.m. and leaving at 3:15 p.m. for six months without anyone taking issue, including Mr. Elsbury and Ms. Nash. *Id*. ¶ 21.

5.   On June 29, 2009, Mr. Elsbury denied Plaintiff's request for leave and denied his time and attendance submission for pay period 14. *Id*. ¶ 24.

6.   Unlike every other employee in Plaintiff's section, Plaintiff did not receive a birthday cake on his birthday. *Id*. ¶ 25.

7.   At some point, Plaintiff was informed by one of his supervisors, Enrico Alis, that he was being loud, rude, and disruptive to the work environment during a confrontation

---

[1] Plaintiff does not identify who chastised him.

[2] Plaintiff does not identify who gave him the instruction.

      with another employee, Brooke W. Howell. *Id*. ¶ 28. Plaintiff alleges that Ms. Howell had entered Plaintiff's cubicle when Plaintiff was performing a high-priority task from Mr. Nash and insisted that Plaintiff work on another task that she claimed had priority. *Id*.

8. Plaintiff alleges Mr. Alis told him that Plaintiff's "'higher skill gap assessment' in ITAP regarding interpersonal skills was 'reflective of the incident' with Ms. Howell and his relationship with her," as well as his relationship with Ms. Nash and Mr. Elsbury. *Id*. ¶¶ 27, 29.

9. On October 10, 2010, Ms. Nash confronted Plaintiff about being in the office of legal intern, Pouya Bavafa, and demanded to know what Plaintiff was doing coming out of the office. *Id*. ¶ 31. Plaintiff alleges that he was consulting with Ms. Bavafa about a Freedom of Information Act request. *Id*. Following that incident, Plaintiff alleges that he was required to receive information from Ms. Bavafa only through email. *Id*. ¶ 34.

Based on these allegations, Plaintiff asserts claims pursuant to 42 U.S.C. § 2000e-16 for unlawful discrimination on the basis of his race, color, and sex and for unlawful retaliation. He alleges that Defendants' conduct amounted to disparate treatment and created a hostile work environment and that after he engaged in "EEO activity," Defendant retaliated against him.

**B.  Plaintiff's EEO Complaints**

Plaintiff filed a formal EEO Complaint (EEO Complaint No. HUD-00032-2009) on January 13, 2009 (the "2009 EEO Complaint"). *Id*. ¶ 35; *see* Declaration of Patricia Converse ¶¶ 7, 10, Ex. 5, Dkt. #3. In his 2009 EEO Complaint, Plaintiff indicated he was alleging discrimination based on race, color, sex, and age. *Id*. at 3. He further indicated that the date that the alleged acts of discrimination occurred was October 29, 2008. *Id*. Specifically, in his discrimination narrative attached to his Complaint, Plaintiff stated:

> Allegation 1
>
> The specific action or situation that resulted in my allegation that I was treated differently than other employees because of my race (Black), my color (Black or dark skinned), my sex or gender (Male) and my age 55 (DOB [redacted]), when:
>
> On October 29, 2008, I received my EPPES annual performance evaluation for the period of 02/01/08 - 09/30/08, on which I received an overall rating of Excellent. The rating official was Kimberly Y. Nash, Deputy Regional Counsel, and the reviewing official was William M. Elsbury, Regional Counsel. I received a rating of Fully Successful for critical element 2 and Excellent for critical element 4. My most recent prior EPPES rated me outstanding in all elements, and

3

> I was not given any indication prior to 10/29/08 that my performance had declined in any area.
>
> I contend that these downgrades in my performance elements are discrimination against me continuously through an ongoing pattern and practice, which I believe constitutes disparate treatment/impact discrimination.

*Id.* at 4.

Subsequently, in April, May, and July 2009, Plaintiff amended his EEO Complaint to include allegations that, in retaliation for his EEO activity, he was harassed and subjected to a hostile work environment when:

> 1. On February 17, 2009, Plaintiff's manager and supervisor falsely accused him of failing to submit a timely validation of his time and attendance in the WebTA system.
>
> 2. Plaintiff was openly ostracized in a staff meeting.
>
> 3. On April 12, 2009, management instructed Plaintiff to comply with the core office hours, which resulted in his tour of duty hours that he worked since October 1, 2007 to change.
>
> 4. On April 12, 2009, management verbally disciplined Plaintiff for allegedly failing to complete a task.
>
> 5. On May 22, 2009, management admonished Plaintiff for failing to enable an "out of office massage" on his voicemail and electronic mail (email). Shortly thereafter, management directed Plaintiff to take training on how to enable the "out of office message."
>
> 6. Management did not respond to his June 29, 2009 leave request.
>
> 7. Management denied his Time and Attendance pay for period 14.

Converse Decl. Ex. 6.[3]

On September 30, 2010, the EEO issued a Final Agency Decision on Plaintiff's 2009 EEO Complaint, finding that Plaintiff had failed to prove by a preponderance of the evidence that he was discriminated against because of his race, color, sex, age, or prior EEO activity. Converse Decl. Ex.

---

[3] In the EEO's June 5, 2009 letter to Plaintiff regarding his April request to amend his Complaint, the EEO director also informed Plaintiff that his allegations about an April 17, 2009 incident concerning his mid-term review constituted additional evidence in support of his accepted claims relating to his performance, but did not state a new claim constituting an amendment to his Complaint. *Id.* at 4.

8 (Final Agency Decision), Dkt. #3-8.

Subsequently on November 16, 2010, Plaintiff filed an informal EEO complaint alleging discrimination on the basis of race, age, color, and sex and retaliation. Converse Decl. Ex. 1, Dkt. #3-1. On December 2, 2010, Plaintiff filed a second informal complaint, again asserting discrimination based on race, age, color, and sex and retaliation. Converse Decl. Ex. 2, Dkt. #3-2. In these informal complaints, Plaintiff alleged that the retaliation he was experiencing had escalated. Specifically, he alleged that Mr. Alis "used [Plaintiff's] evaluation and associated ITAP to effect his retaliation." *Id.* at 2. Plaintiff further alleged:

> Mr. Alis stated to me that the higher skill gap assessment in my ITAP with regard to Interpersonal skills is reflective of my relationship and alleged incidents with Brooke W. Howell; and my relationships with William M. Elsbury and Kimberly Y. Nash. I have been informed that management was noticed that a complaint was filed.

*Id.* at 2.

On March 11, 2011, Plaintiff filed a second EEO Complaint, No. HUD-00017-2011 (the "2011 EEO Complaint"). Converse Decl. Ex. 3, Dkt. #3-3. In his 2011 EEO Complaint, Plaintiff identified the bases of discrimination as race, color, sex, age, and reprisal. *Id.* With respect to the date the alleged discrimination occurred, Plaintiff listed December 2, 2010 for the performance appraisal; November 16, 2010 for harassment; and December 2, 2010 for the retaliation. *Id.*

In the interim, on December 29, 2010, Plaintiff filed the instant lawsuit. Dkt. #1.

**C.     Overview of Defendant's Motion**

Defendant now moves to dismiss Plaintiff's lawsuit on two grounds. First, Defendant contends that because Plaintiff failed to exhaust his administrative remedies with respect to certain allegations underlying his claims, the Court lacks jurisdiction to hear claims premised on those allegations. Second, Defendant argues that each of Plaintiff's claims fails to state a claim for relief and should therefore be dismissed pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).

/ / /

/ / /

/ / /

5

### III.   LEGAL STANDARDS

**A.   Federal Rule of Civil Procedure 12(b)(1)**

Pursuant to Rule 12(b)(1), a defendant may move to dismiss a complaint for lack of subject matter jurisdiction. Because federal courts are courts of limited jurisdiction, the Court presumes that it lacks of jurisdiction, and the party seeking to invoke the court's jurisdiction bears the burden of proving that subject matter jurisdiction exists. *Kokkonen v. Guardian Life Ins. Co. of N. Am.*, 511 U.S. 375, 377 (1994). "A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). In a facial challenge, the Court limits its review to the allegations in the complaint, documents attached to the complaint, and any judicially-noticed facts in the record. *See City of Laguna Niguel Fed. Emergency Mgmt Agency*, 2009 WL 3122490, at *3 (C.D. Cal. Sept. 28, 2009). The Court must also presume the truth of plaintiff's factual allegations and draw all reasonable inferences in the plaintiff's favor. *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009).

In a factual challenge, the Court may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). Particularly, the Court "may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

**B.   Federal Rule of Civil Procedure 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In order to survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

––– U.S. –––, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 557.) In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Id*. at 550; *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). The plaintiff's complaint need not contain detailed factual allegations, but it must contain more than a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. In reviewing a motion to dismiss, courts may also consider documents attached to the complaint. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted). Additionally, courts may consider a matter that is properly the subject of judicial notice, such as matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. DISCUSSION

### A. Claims Against Defendants Elsbury and Nash

As an initial matter, Defendant argues that the only proper defendant in this action is HUD Secretary Shaun Donovan as the head of the agency that employs Plaintiff. Mot. at 6 (citing 42 U.S.C. § 2000e-16(c); *Pink v. Modoc Indian Health Project, Inc.*, 157 F.3d 1185, 1189 (9th Cir. 1998)). Defendant therefore urges the Court to dismiss Plaintiff's claims against Ms. Nash and Mr. Elsbury. *Id*. In his Opposition, Plaintiff does not contest Defendant's request, but indicates – without any citation to the record in support – that Ms. Nash and Mr. Elsbury "have already been dismissed and this point is now moot." Opp. at 4, Dkt. #13. As Defendant correctly notes, pursuant to 42 U.S.C. § 2000e-16(c), Secretary Donovan as head of HUD is the proper defendant in this lawsuit. *See Hsieh v. Nicholson*, 2007 WL 2471505, at *1 (N.D. Cal. Aug. 30, 2007) (noting that in Title VII and ADEA actions that the heads of the relevant agency are proper defendants and

dismissing individual defendant from lawsuit).  Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss Ms. Nash, Mr. Elsbury, and any Doe defendants from this lawsuit.

**B.     Exhaustion of Administrative Remedies**

Next, Defendant argues that because Plaintiff has not exhausted his administrative remedies with respect to certain allegations underlying his claims, the Court lacks subject matter jurisdiction over Plaintiff's claims to the extent they rely on those allegations.  Mot. at 7-8.

It is well-settled that under Title VII, a federal employee alleging discrimination or retaliation must timely exhaust all available administrative remedies prior to filing a civil action. *See* 29 C.F.R. § 1614.105; *Vasquez v. County of Los Angeles*, 349 F.3d 634, 644 (9th Cir. 2004); *Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 636 (9th Cir. 2002).  "Allegations of discrimination not included in the plaintiff's administrative charge may not be considered by a federal court unless the new claims are like or reasonably related to the allegations contained in the EEOC charge."  *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir. 2002) (internal quotations omitted).

In deciding whether Plaintiff's claims in this action are reasonably related to the EEO complaint, the Court considers "such factors as the alleged bases of the discrimination, dates of discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, and any locations at which discrimination is alleged to have occurred."  *Vasquez*, 349 F.3d at 644.

Here, Defendant contends that Plaintiff failed to exhaust his administrative remedies with respect to the following: (1) Plaintiff's allegation regarding his skill gap assessment in ITAP; (2) Plaintiff's allegation about Ms. Nash confronting him about being inside the office of Ms. Bavafa; and (3) Plaintiff's allegation that he did not receive a birthday cake on his birthday.  Compl. ¶¶ 27-29, 31-34.

As Defendant points out, with respect to the ITAP allegation and Plaintiff's allegation about Ms. Nash confronting him about being in Ms. Bavafa's office, both of these allegations are the subject of Plaintiff's pending 2011 EEO Complaint, for which no Final Agency Decision has been made.  *See* Converse Decl. Ex. 2 & 3.  With respect to Plaintiff's allegation regarding the birthday

cake, Defendant argues that Plaintiff did not assert this allegation in the 2009 EEO Complaint, or in the 2011 EEO Complaint currently pending before the EEO.  Thus, Defendant argues that Plaintiff has not exhausted his administrative remedies with respect to these allegations, and the Court therefore lacks jurisdiction to consider them in this lawsuit.

In his Opposition, Plaintiff maintains that, "[e]xcepting the birthday cake incident, these other actions were subject to other EEO Complaints." Opp'n at 5.  Without citation to any legal authority, he argues that "the fact that there had been no final Agency Decision on these other complaints do[es] not operate to deprive this court of subject matter jurisdiction over the claims of discrimination and hostile work [sic]." *Id*.  He further argues that "such other allegations are relevant to demonstrate the continuing pattern and practice of harassment against the Plaintiff where it is clear that Plaintiff has been subject to public humiliation in front of his coworkers and the subject of false accusations by management." *Id*.

With respect to the birthday cake allegation, Plaintiff has failed to explain how he exhausted his administrative remedies with respect to this charge.  Specifically, Plaintiff did not previously assert it as part of his 2009 EEO Complaint and he has failed to allege any facts or present any argument showing that the allegation was either part of the EEO's actual investigation or could have reasonably been expected to grow out of his discrimination charge.  Thus, Plaintiff has failed to carry his burden of demonstrating that he exhausted his administrative remedies as to this allegation.

As to Plaintiff's allegations concerning his ITAP assessment and the incident involving Ms. Nash and Ms. Bavafa, these allegations are currently under investigation by the EEO in Plaintiff's pending 2011 EEO Complaint.  Plaintiff has not proffered any authority indicating that an individual may assert discrimination and retaliation claims in a federal lawsuit based on discrete acts that are also concurrently under investigation by the EEO as part of its administrative complaint process.  Moreover, Plaintiff failed to present any meaningful argument demonstrating that these allegations fell within the scope of the EEO's investigation or could have reasonably been expected to grow out of the charge of discrimination he asserted in his 2009 EEO Complaint.  Thus, Plaintiff has failed to show that he exhausted his administrative remedies as to these allegations, and the Court

9

consequently lacks jurisdiction over them.

Next, with respect to Plaintiff's allegations about being admonished for failing to complete a task for the purpose of trying to make him look incompetent on March 12, 2009, (Compl. ¶¶ 22-23), and the denial of his leave request and time and attendance for pay period 14 on June 29, 2009 (Compl. ¶24), Defendant argues that Plaintiff withdrew these allegations during the EEO process and cites testimony from Plaintiff's EEO filings in support. Mot. at 7. Plaintiff, however, argues that he did not withdraw these allegations, but only withdrew allegations relating to "voicemail and email enablement." Opp'n at 3.

Reviewing the Final Agency Decision, the Statement of Claims section includes Plaintiff's allegations regarding both the March 12, 2009 incident and the June 29, 2009 incident. *See* Converse Decl. Ex. 8 at 1-2. In the Statement of Facts section, the decision summarizes Plaintiff's allegation regarding the March 12, 2009 incident as well as the record evidence concerning the allegation. *Id.* at 4, ¶ 4. Thus, notwithstanding Plaintiff's testimony during the investigatory process, the EEO did not treat this allegation as withdrawn and considered it when ruling on Plaintiff's retaliation claim. The Court therefore finds that the allegation concerning Ms. Nash's comments to Plaintiff on March 12, 2009 is properly before this Court.

Turning to Plaintiff's allegations regarding management's failure to respond to his leave request and denial of his time and attendance for pay period 14, in footnote 1 of the Final Decision, the EEO noted that the "Investigative Summary includes assertion [sic] that you withdrew and failed to provide sworn testimony relating to claims (b) on June 29, 2009, management did not respond to your request for leave; and (c) management denied your time and attendance submission for pay period 14." *Id*. at 2. In the Statement of Facts section, the EEO summarized Plaintiff's allegations regarding management's failure to respond to his leave request and denial of his time and attendance for Pay Period 14, but indicated: "The Investigator noted that you withdrew these incidents during the investigation." *Id*. at 4. Thus, the Court agrees with Defendant that Plaintiff withdrew these allegations during the EEO process and therefore did not properly exhaust them before asserting them in this lawsuit.

**C.      Challenges to Plaintiff's Claims**

Based on the allegations in Plaintiff's Complaint, Defendant contends that Plaintiff has failed to plead actionable claims for discrimination, relation, and hostile work environment. The Court will evaluate each of Plaintiff's claims in turn.

1.      Discrimination Claim

To establish a *prima facie* case of discrimination, a plaintiff must allege facts demonstrating that: (1) he belongs to a protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably. *Chuang v. Univ. of Cal. Davis Bd. of Trustees*, 225 F.3d 1115, 1123 (9th Cir. 2000) (citation omitted).

Defendant first contends that Plaintiff's discrimination claim is subject to dismissal because Plaintiff has failed to identify an adverse employment action. Mot. at 8-9. The Ninth Circuit has explained that for purposes of a discrimination claim, an adverse employment action is one that materially affects the compensation, terms, conditions, or privileges of the plaintiff's employment. *Chuang*, 225 F.3d at 1126. Defendant argues that none of Plaintiff's allegations constitute an adverse employment action sufficient to maintain his discrimination claim.

As to Plaintiff's allegation regarding his October 2008 performance evaluation, Defendant contends that it does not amount to an adverse employment action. In support, Defendant cites case law from outside this circuit holding that negative performance evaluations are "ordinarily" insufficient to be actionable because the result of the evaluation is "often speculative." Mot. at 9 (citing *Hutchinson v. DOJ*, 2009 WL 3792311, at *10 (D.D.C. 2009)). Defendant, however, fails to present any argument as to why the performance rating Plaintiff received does not constitute an adverse employment action *in this case*. Defendant also argues that "Plaintiff's remaining allegations about time and attendance, core hours, and being chastised during a meeting are not the type of actions that generally constitute an adverse action." Mot. at 10. Again, Defendant merely cites case law without presenting any application of the cited authorities to the allegations at issue in this case. Accordingly, the Court rejects Defendant's request to dismiss Plaintiff's discrimination

11

claim for failure to plead an adverse employment action.[4]

Next, Defendant argues that Plaintiff has failed to allege that individuals outside of his protected class were treated more favorably then he was. In his Opposition Plaintiff argues that, taking his allegations as a whole, "there is enough to conclude that there is evidence that others outside of his protected class were being treated more favorably than [he was]." Opp'n at 6. Plaintiff, however, fails to cite to any allegation in his Complaint alleging that others outside of his protected classes were treated more favorably or allegations that would allow the Court to make this inference. In an attempt to overcome this deficiency, Plaintiff refers to a statement in the Final Agency Decision to the effect that he believed Asian and Caucasian employees were given preferable treatment. If Plaintiff intends to rely on this statement, he must allege it in his Complaint, including facts to support that allegation. As it stands, Defendant is correct that Plaintiff's Complaint is devoid of allegations that similarly-situated employees outside of his protected classes received more favorable treatment. For this reason, Plaintiff's discrimination claim is subject to dismissal.

Third, Defendant argues that Plaintiff has not alleged that the performance rating or the other actions were taken because of his race, color, sex, or prior EEO activity. Mot. at 10. In particular, Defendant asserts that Plaintiff cannot "allege such facts where the alleged bad actors cover each of Plaintiff's protected classes (one being African-American and the other being male and over 40)." Mot. at 10. Defendant fails to cite any authority in support of this proposition. Consequently, the Court rejects Defendant's challenge on this ground.

In sum, because Plaintiff has failed to sufficiently allege that other similarly-situated employees outside of Plaintiff's protected classes were treated more favorably, the Court

---

[4] In his Opposition, Plaintiff states that his compensation was affected by the lower employment rating. Opp'n at 7. He also alleges that the other actions negatively affected his employment. These allegations, however, appear nowhere in Plaintiff's Complaint. Further, this ruling shall not preclude Defendant from re-asserting its challenge (with a fully developed argument and citation to relevant authorities) to the adverse employment action element in response to any amended complaint or at the summary judgment stage.

12

1  **DISMISSES** Plaintiff's discrimination claim with leave to amend.

2      2.       Retaliation Claim

Plaintiff also asserts that the alleged adverse employment actions were retaliatory in nature. A plaintiff can establish a *prima facie* case of retaliation by showing that: (1) he engaged in a protected activity; (2) he suffered an adverse employment decision; and (3) there was a causal link between the protected activity and the adverse employment decision. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1064 (9th Cir. 2002).

As with Plaintiff's disparate treatment claim, Defendant argues that Plaintiff's retaliation claim fails because Plaintiff has not sufficiently alleged an adverse employment action or that individuals outside his protected classes were treated more favorably. Mot. at 8. As indicated above, based on the current briefing, the Court rejects Defendant's challenge to Plaintiff's allegations of adverse employment decisions. *See Yartzoff v. Thomas*, 809 F.2d 1371, 1375-76 (9th Cir. 1987) (undeserved performance ratings, if proven, may constitute adverse employment decision in support of retaliation claim). With respect to Plaintiff's failure to plead that similarly-situated employees were treated more favorably, this element is not required for a retaliation claim. Finally, Defendant argues that Plaintiff's retaliation claim fails because Plaintiff has not alleged what protected activity he engaged in or a causal connection between the activity and the employment actions. In his Opposition, Plaintiff counters that the alleged adverse employment actions occurred after his "EEO activity." Opp'n at 7. Reviewing Plaintiff's Complaint, the only allegation which comes close is his averment in paragraph 18, which states: "Plaintiff began to experience a hostile work environment due to his prior EEO activity." Compl. ¶ 18. Plaintiff, however, does not allege *what* EEO activity triggered the retaliatory activity or the *date* of such activity. In particular, while Plaintiff alleges that he participated in "statutory informal dispute resolution procedures," he does not allege what those procedures were. Because Plaintiff's causation theory is premised on this EEO activity, he must allege facts regarding when the protected activity occurred before he can allege and argue that such activity caused the retaliatory conduct. Thus, the Court **DISMISSES** Plaintiff's retaliation claim and will grant leave to amend to cure these deficiencies.

### 3. Hostile Work Environment Claim

Finally, Defendant contends that Plaintiff's hostile work environment claim is subject to dismissal. To assert a claim for hostile work environment, Plaintiff must allege facts demonstrating: (1) he was subjected to verbal or physical conduct based on his race, color, sex, or protected activity, (2) the conduct was unwelcome, and (3) the conduct was sufficiently severe or pervasive to alter the conditions of his employment and create an abusive working environment. *Galdamez v. Potter*, 415 F.3d 1015, 1023 (9th Cir. 1995). Defendant contends that Plaintiff has not alleged any facts that rise to the level of harassment. Mot. at 11. Specifically, Defendant argues that alleged incidents are not sufficiently severe or pervasive, and Plaintiff has not alleged facts demonstrating that the incidents arose because of his race, color, sex, or prior EEO activity. *Id*. To the extent that Defendant contends that Plaintiff has failed to allege that his supervisors' harassing conduct was based on his race, color, sex, or protected activity, the Court agrees that Plaintiff has failed to allege sufficient facts as to this element. Further, Plaintiff has failed to allege sufficient facts regarding the effect of the conduct on the conditions of his employment. Although Plaintiff argues in his Opposition that the totality of his supervisors' conduct demonstrates "a concerted and ongoing practice to verbally humiliate and abuse [P]laintiff emotionally," such allegations – which go to the severity and pervasiveness of the conduct and its affect on Plaintiff's working conditions – do not appear in Plaintiff's Complaint. Based on these deficiencies, the Court **DISMISSES** Plaintiff's hostile work environment claim with leave to amend.

### V. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) (Dkt. #4).

Further, because Plaintiff may cure the pleading deficiencies outlined above, the Court **GRANTS** Plaintiff leave to file a First Amended Complaint within 14 days of this Order.

**IT IS SO ORDERED.**

Dated: May 18, 2011

Maria-Elena James
Chief United States Magistrate Judge